# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action 7:11-CV-18 (HL) |
| v. | |
| CAROL DURRANCE and JOHNNY D. DURRANCE, as Co-Administrators of the Estate of Talisa Hope Durrance and as Co-Conservators of Salah L. Durrance, minor child of Talisa Hope Durrance, and CONNER & RODDENBERRY LOGGING, INC., | |
| Defendants. | |

## ORDER

Plaintiff filed this case on February 9, 2011. Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Consistent with the practices of this Court, the complaint was subjected to an initial review. Following review of the complaint, the Court directs Plaintiff to amend consistent with the following.

Plaintiff alleges that the Court has jurisdiction over this case on the basis of diversity of citizenship. District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Plaintiff states that it is a corporation organized and existing under the laws of Louisiana with its principal place of business in

Louisiana. Plaintiff alleges that Defendant Carol Durrance is a resident of Atkinson County, Georgia; that Defendant Johnny D. Durrance is a resident of Atkinson County, Georgia; and that Defendant Conner & Roddenberry Logging is a corporation organized and existing under the laws of Georgia with its principal place of business in Georgia.

The claims against Defendants Carol Durrance and Johnny D. Durrance are brought in their capacities as Co-Administrators of the Estate of Talisa Hope Durrance and as Co-Conservators of Salah L. Durrance, minor child of Talisa Hope Durrance. For purposes of diversity, the legal representative of an estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Further, the legal representative of a minor shall be deemed to be a citizen only of the same state as the minor. 28 U.S.C. § 1332(c)(2). Plaintiff has not, however, provided the citizenship of either Talisa Hope Durrance or Salah L. Durrance.

As the complaint currently stands, the Court is unable to ascertain whether complete diversity of citizenship exists. Therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall until February 25, 2011 in which to file an amended complaint that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiff's complaint for lack of jurisdiction.

**SO ORDERED**, this the 15th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh